AO 472  (Rev. 3/86)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v

DONOVAN LAMONT WOODS
_____/

CASE NO:  09-20209-01

# ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act//Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980.

(2) The Defendant has not rebutted the presumption established by finding #1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

(2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and argues initially that the presumption in favor of detention applies. I concur in this argument as the Defendant faces more than 10 years potential custody for violations of the Controlled Substances Act. Therefore, I must consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142 (g).

As to the factors set forth in subsection (g)(1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically heroin. From the grand jury having returned an Indictment, I find there is a definite weight of evidence, at least probable cause, supporting the charges against the Defendant.

As to §3142 (g)(3), I find that the Defendant is 55 years of age, has been previously married, but is presently separated from his wife. At a younger age, Defendant moved to Ionia, Michigan, remained there a few years, and then returned to Saginaw. He is residing with his sister at the present time. The Defendant is unemployed and, although he is 55 years of age, has no employment history except for brief periods working odd jobs. I note that he has applied for disability benefits and is awaiting a determination. The Pretrial Services report indicates that the Defendant is in failing health and that has been diagnosed with cirrhosis of the liver and hepatitis. The Defendant conceded to Pretrial Services that he is a daily user of heroin. He has participated in inpatient substance abuse counseling, but it appears that this counseling has not been successful. At the time of the Defendant's initial processing, urinalysis was positive for both opiates and marijuana.

In 1971, Defendant pled guilty in Saginaw to carrying a concealed weapon and was sentenced to 90 days in jail. Four months later, he was charged with homicide and ultimately pled guilty to assault with a dangerous weapon. He was sentenced in 1972 to three to five years incarceration and was discharged in 1974. In 1975, Defendant was charged with forgery and counterfeiting and pled guilty to attempted uttering and publishing. He was sentenced to three to five years incarceration and

discharged in 1982. Two months after this earlier charge, Defendant was charged with multiple violations, pled guilty in April 1976 to a controlled substances violation, and was given five to 20 years incarceration. It appears that this sentence was served concurrently with the sentence on the earlier described counterfeiting charge. In January 1976, Defendant was charged in this Court with felony possession of a firearm. He pled guilty to that charge and was sentenced to two years custody. He was discharged in December 1981. In 1997, the Defendant failed to appear for court proceedings in Phoenix, Arizona, and a warrant was issued. The Pretrial Services report indicates that this warrant is still pending . In 1998, Defendant pled guilty in Las Vegas to trespassing and was sentenced to community service and 30 days in jail. One month later, Defendant was again charged in Las Vegas with various offenses and pled guilty to attempted theft. He was sentenced in May 1998 to 12 to 34 months incarceration. He was discharged in 1999. In September 2000, Defendant was charged in the Saginaw area with retail fraud and pled guilty to retail fraud third-degree. He was sentenced to fines and costs. In January 2001, Defendant was charged in the Flint area with retail fraud. He pled guilty to attempted retail fraud and was sentenced in March 2001 to an alternative probation program. However, it appears that the Defendant failed to comply with that program and a bench warrant was issued. Two months later, Defendant was again charged in Saginaw with retail fraud. He pled guilty to retail fraud third-degree and was sentenced in May 2001 to a fine. Six months later, Defendant was charged in Saginaw with public intoxication. He pled guilty and again was fined. In June 2003, Defendant was charged with delivery of less than 50 grams of cocaine. He pled guilty and was sentenced in August of 2000 to 4 to 10 months probation and a short period of incarceration. In February 2005, he was charged in Bay City with possession of less than 25 grams of cocaine and possession of heroin. He pled guilty to both charges and was sentenced to probation. In 2006, while on that probation, Defendant was again charged in Saginaw with multiple counts of possession of narcotics under 25 grams. He pled guilty and was again sentenced to probation. The

Defendant was on probation from at least two felony narcotics convictions at the time of the incidents giving rise to this Indictment.  In addition, Pretrial Services has developed information indicating that Defendant has used at least 24 aliases in the past.

While I am sympathetic to the argument raised by defense counsel that the Defendant is in fact more of a narcotics addict than a criminal, at least seven circuits and a number of district courts have all held that continued drug dealing constitutes a danger to the community. *United States v. Milan*, 4 F.3d 1038, 1047 (2nd Cir. 1993); *United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 ((7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. De Leon*, 766 F.2d 77, 81 (2nd Cir. 1985); *United States v. Webb*, 238 F.3d 426, No. 00-6368, 2000 WL 1721060, * 1 (6th Cir. Nov. 6, 2000); *United States v. Kay*, 82 F.3d 415, No. 96-20058, 1996 WL 167512, *2 (5th Cir. Mar. 15, 1996) *United States v. Arroyo-Reyes*, 32 F.3d 561, No. 94-1535, 1994 WL 440654, *3 (1st Cir. (Puerto Rico) Aug. 15, 1994); *United States v. Pena-Ruiz*, 532 F. Supp. 2d 367, 369 (D. Puerto Rico, 2008); *United States v. Thomas*, No. 2008-0020, 2008 WL 2557997, *4, 2008 WL 2557997 (D. Vir. Isl. June 23, 2008); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, *2-3 (D. Kan. Mar. 26, 2008); *United States v. Hamlin*, No. 07-20274-03, 2007 WL 2225868, *2 (E.D. Mich. Aug. 1, 2007); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, *4 (D. Puerto Rico Dec. 4, 2007) *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, *5 (E.D. Pa. Apr. 9, 2002).

While counsel for Defendant offers the potential of third-party custody with the Defendant's sister, and while I safely presume that Defendant's sister wishes to be supportive, it is equally clear to me that the family has been unable to control his behavior in spite of their good intentions.  Therefore, I cannot accept this invitation.  As I review these facts under the standards of the Bail Reform Act, I first find that the presumption in favor of detention has not been rebutted on the evidence presented.

4

Even if it had, under these circumstances there are no conditions nor any commendation of conditions which would reasonably assure the safety of the community or the Defendant's appearance as required.  Accordingly the Government's motion to detain will be granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                            s/ *Charles E Binder*
                                            CHARLES E. BINDER
Dated: June 5, 2009                    United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Robert Betts, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: June 5, 2009                                 By     s/*Jean L. Broucek*
                                                               Case Manager to Magistrate Judge Binder